Chief Justice Robertson
delivered the opinion of the Court.
This is a suit in chancery, instituted by Joseph Sanders, against Agnes Irons, as executrix of Jonathan Irons, and against the heirs of Jonathan *575 Irons; and against Dorcas Burch, executrix of Thomas Overall; and against Henry Crist.
The bill charges that Jonathan Irons, having a judgment against Leonard Collard, and Leonard Burch, assigned it to the complainant, in 1804, for a valuable consideration; that the judgment was re-plevied in 1812 by Burch, with Thomas Overall as his surety. That many unsuccessful efforts having been made to coerce the amount of the replevin bond, and Irons and Overall having died, Agnes Irons, the executrix of the deceased Jonathan Irons wasproceeding by scire facias, for a revival againstDorcas Burch, administrator of Thos. Overall, when the executrix and ad-ministratrix made a compromise, whereby the note of the administratrix was taken in discharge of the judgment, and the scire facias was dismissed. That the note had been assigned to Crist, and had not been paid; and that the executrix and administratrix both had a full knowledge of the assignment of the judgment, when they made the compromise.
The prayer of the bill is for an injunction, restraining the payment of the note, and finally for a decree against Mrs. -Burch as administratrix, or against the heirs of Irons.
No subpoena was ever served on Mrs. Irons, or on Crist; neither of them appeared, or answered; Mrs. Irons having died intestate, the bill was revived against William Congrove as her administrator, who did not answer. Mrs. Burch answered, and denied havingany knowledge of the assignment, and shewed that she had paid Crist. She made her answer a cross bill against Leonard Burch, for whom her intestate was surety, and prayed fora decree over against him, for the sum which she had paid.
The heirs of Irons also answered, and required proof of the material allegations in the bill.
On the final hearing the circuit court dismissed the bill, as to all the defendants, except Congrove, and decreed against him, as administrator of Mrs. Irons, the amount of the replevin bond with interest from its date, and the costs of the suit, to be levied of the assets in his hands; and on the cross bill decreed relief to Overall’s administratrix, according to her prayer.
If executor, in good laith, receive the amount of a judgmc-nt, which testator has assigned ir» his lifetime, to ano ther, and charge himself with it as executor; the estate of testator, is responsible to the assignee, if there is any responsibility and ex’rs per sonal representative is not liable *hcrefor.
Benny, for plaintiff; Rudd, for defendant.
.To reverse this decree, this writ of error is prose®, cuted by Congrove and others, with a supersedeas.
There can'be no objection to the decree on the crossbill, nor to the decree in favor of the heirs of Irons, and of Crist and Mrs. Burch on the original bill.
The suit was not prosecuted against Crist, and the proof against the others was insufficient to authorize-any decree.
The only question in the case is, whether the de* cree against Congrove is right?
There are three objections to this decree:
1st. If Congrove be liable,-his liability is legal; for if his intestate were liable to Sanders, her liability resulted by implication from her reception of the moneys.
2d. If Mrs. Irons received the amount of the judgment in good faith, as executrix, and charged herself with it as executrix, the estate of the testator is responsible for it, (ifthere beany available responsibility to Sanders,) and her personal representative is not liable. She seems to have been sued as executrix' and she had no authority to receive the money, otherwise than a» executrix. The Dill alleges no fact which would render her personally responsible; and until the contrary be made to appear, this court must presume that she did her duty faithfully as execu1" trix.
3d. There is no prayer in the original bill, for any decree against Mrs. Irons, nor is there any prayer in the bill of revivor for any decree against Congrove.
Wherefore, the decree of the circuit court is reversed, and the cause remanded with instructions to dismiss the bill, and let the decree on the cross bil* stand.